**IN THE CIRCUIT COURT OF DAVIDSON COUNTY
FOR THE TWENTIETH JUDICIAL DISTRICT**

DOLLAR GENERAL CORPORATION,

        Plaintiff,

v.                                         No. _____

GENERAL REINSURANCE CORPORATION
and GENESIS MANAGEMENT AND
INSURANCE SERVICES CORPORATION, and
DOES 1-25,

        Defendants.

## COMPLAINT

NOW COMES DOLLAR GENERAL CORPORATION, by and through its attorneys, and for its Complaint against GENERAL REINSURANCE CORPORATION and GENESIS MANAGEMENT AND INSURANCE SERVICES CORPORATION, states as follows:

## PARTIES

1.     At all times relevant, DOLLAR GENERAL CORPORATION ("DOLLAR GENERAL" or "Plaintiff") was a Tennessee corporation. Plaintiff maintains its headquarters and principal place of business in Goodlettsville, Tennessee, with numerous retail stores operating in various states.

2.     At all times relevant, Defendant, GENERAL REINSURANCE CORPORATION ("GRC") was and is a corporation incorporated under the laws of the State of Connecticut and maintains its headquarters and principal place of business at 695 East Main Street, Stamford, Connecticut 06904-2350.

3.     Defendant GENESIS MANAGEMENT AND INSURANCE SERVICES CORPORATION ("Genesis") is a corporation incorporated under the laws of the State of

Delaware with its principal place of business located in the State of Connecticut.  Genesis is a wholly-owned subsidiary of GRC.

4.      The true names and capacities, whether individual, corporate, associate or otherwise that have been designated herein as DOES 1 through 25, inclusive, are presently unknown to Plaintiffs who therefore sue said Defendants by such fictitious names.  Defendants are sued as principals, and/or agents, servants, employees of said principals and all of the acts performed by them as agents, servants, and employees were performed in the course and scope of their authority and/or employment.

5.      Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as "DOE" is responsible in some manner for the events and transactions alleged herein.  Plaintiff will ask leave of court to amend this Complaint to show their true names and capacities when the same have been ascertained.

## JURISDICTION AND VENUE

6.      Jurisdiction and venue are proper in this Court.

7.      The court has personal jurisdiction over the Defendants because Defendants have continuous and systematic contacts with the State of Tennessee and/or engage in business in Tennessee, in particular the contract(s) at issue in this matter.

8.      The contract(s) of insurance at issue in this matter were delivered to the Plaintiff at its corporate address(es) in Tennessee.

9.      The Plaintiff and Defendants do business in Tennessee, including Davidson County. This Court has personal jurisdiction over all parties and subject matter jurisdiction over the claims asserted in this Complaint.

## THE POLICY AND
## LOSSES

10.     At all times relevant, there was in full force a valid Excess Insurance Policy for Self-Insurer of Workers Compensation and Employers Liability, Policy No. GDX014356 (the "Policy"), issued by Defendant to the Plaintiff, providing excess insurance for Plaintiff. A copy of the Policy is attached hereto as "Exhibit A" and is incorporated by reference.

11.     Pursuant to the Policy, Defendant  agreed to indemnify Plaintiff for amounts actually paid by Plaintiff as a self-insurer under the applicable Workers Compensation laws in excess of the applicable retention, as well as claim expenses.  (See Exhibit A, including Part One, A; Part Four, B.)

12.     Pursuant to the Policy, Defendant agreed to pay indemnity to Plaintiff at monthly intervals after Defendant has received proof of payment by Plaintiff. (See Exhibit A, including Part Seven, D.)

13.     Plaintiff has complied with all the terms of the Policy.

14.     During the Policy period, Plaintiff sustained eleven losses exceeding Plaintiff's retention, as itemized on Exhibit B.

15.     Plaintiff provided to Defendant, directly and/or through its agent and subsidiary, Defendant Genesis, timely proof of payment as to these losses.

16.     A total of $1,837,816.65 in indemnity remains due and owing by Defendant GRC to Plaintiff for these losses, as itemized on Exhibit B.  The amounts due for indemnity and expenses on several claims continue to accrue.

17.     Plaintiff has made numerous requests of Defendants for indemnity payments on the identified losses.    Defendants failed to respond to subsequent requests for payment

and / or status thereof and have engaged in a pattern of wrongfully withholding payments due and owing under the applicable contract(s) of insurance.

## COUNT I – BREACH OF INSURANCE CONTRACT

18.   Plaintiff incorporates by reference paragraphs 1 - 17 of the Complaint as if set forth herein in their entirety.

19.    Plaintiff timely reported the losses to Defendants and submitted all the necessary paper work, in compliance with all the terms and conditions of the policy.

20.    Defendant failed and / or refused to pay Plaintiff's excess claims in full, and has failed to pay Plaintiff's claims in a timely manner.

21.    Defendant G R C has breached its insurance contract with Plaintiff by failing to pay Plaintiff the amounts due under the policy and / or by failing to pay Plaintiff the undisputed portion of the losses when they were due, and / or in other ways.

22.    As a direct and proximate result of Defendant's breach of the contract, Plaintiff has suffered damages including, without limitation:

     a.  Direct damages;

     b.  Consequential damages;

     c.  Incidental damages;

     d.  Pre-judgment;

     e.  Punitive; and

     f.  Other damages not yet identified.

WHEREFORE, Plaintiff, DOLLAR GENERAL CORPORATION, prays for damages for Defendant, GENERAL REINSURANCE CORPORATION's breach of contract, and for all other just and proper relief.

## COUNT II – BAD FAITH

23.    Plaintiff incorporates by reference paragraphs 1 - 22 of the Complaint as if set forth herein in their entirety.

24.    Defendants owed Plaintiff a duty of good faith.

25.    Defendants owed a duty of good faith and fair dealing in conducting its investigations, making its coverage determinations, considering the insured's reasonable requests regarding payment under the policy, communicating with the insured and timely paying Plaintiff's claims associated with the loss.

26.    Defendants breached their duty to act in good faith in dealing with Plaintiff.

26.    Defendants acted with malice, recklessness, fraud, gross negligence, and oppressiveness; (a) in conducting its investigation; (b) in making its coverage determinations; (c) in refusing to pay the covered losses in a timely manner; (d) in handling and failing to pay Plaintiff's claims associated with the losses; (e) in failing to timely respond to Plaintiff's requests for payment; (f) in making unfounded refusals to pay Policy proceeds to Plaintiff under the Policy; (g) in failing to admit liability to the insured under the Policy; (h) by otherwise failing to consider Plaintiff's interest on at least equal footing with its own interests; (i) in failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies; (j) in failing to affirm or deny coverage of claims within a reasonable time after proof of loss, or other documents have been completed or provided; (k) in delaying the investigation or payment of claims; (l) in failing to promptly settle claims where liability has become reasonably clear; and (m) in failing to promptly provide a reasonable explanation for continued delays in investigation and payment of the policy proceeds.

27.     As a direct and proximate result of Defendant's bad faith conduct, Plaintiff has been damaged.

WHEREFORE, Plaintiff, DOLLAR GENERAL CORPORATION, prays the Court assess statutory damages pursuant to TCA §56-7-105 against Defendant, GENERAL REINSURANCE CORPORATION for all recoverable damages suffered as a result of Defendant's breach of the duty of good faith, as well as pre and post-judgment interest, attorney's fees, and other appropriate relief as may be just and proper in the premises.

## COUNT III – DECLARATORY JUDGMENT

28.     Plaintiff incorporates by reference paragraphs 1 – 27 of the Complaint as if set forth herein in their entirety.

29.     A judiciable dispute exists between DOLLAR GENERAL and GENERAL REINSURANCE as to the coverage provided for by the Policy for the identified losses, and whether policy rights and duties have been breached and / or waived by GENERAL REINSURANCE.

WHEREFORE, Plaintiff, DOLLAR GENERAL CORPORATION, prays the Court enter an Order declaring that excess coverage provided by the Policy should be paid to Plaintiff without further delay and/or that Defendant waived certain Policy rights and duties due to Defendant's delay in investigating and paying the claims in a timely manner and for all other just and proper relief in the premises.

Respectfully submitted,

BURCH PORTER & JOHNSON, PL

/s/  Molly A. Glover
Molly A. Glover
130 North Court Ave.
Memphis, TN  38103

P:  901-524-5137
Email:
mglover@bpjlaw.com

EX A

## GENERAL REINSURANCE CORPORATION
### Financial Centre, P.O. Box 10350, 695 East Main Street,
### Stamford, Connecticut 06904-2350 (203) 328-5000 (Referred to as The "Insurer")
### Excess Insurance Policy For Self-Insurer Of
### Workers Compensation and Employers Liability
### INFORMATION PAGE

**Policy No. GDX014356**

1.  Insured: Dollar General Corporation

2.  Mailing Address: 104 Woodmont Boulevard - Suite 300
    Nashville, Tennessee 37205

3.  Effective Date of Policy: February 1, 1999

4.  Cancellation Notice: (90) Ninety Days Written Notice, Subject to Part Seven - Conditions, Paragraph L

5.  a. Workers Compensation Insurance: Part One of the policy applies to the Insured's obligations under the Workers Compensation Law of the States listed here: Alabama, Arkansas, Delaware, Florida, Georgia, Iowa, Illinois, Indiana, Kansas, Kentucky, Louisiana, Maryland, Missouri, Mississippi, North Carolina, Ohio, Oklahoma, Pennsylvania, South Carolina, Tennessee, Texas, Virginia, West Virginia
    b. Employers Liability Insurance: Part Two of the policy applies to the Insured's obligations in each State listed in Item 5a.
    c. Other States Insurance: Part Three of the policy applies to the Insured's obligations in all other States, except those listed here:

6.  Insured's Retention for each accident or each employee for disease $ 250,000

7.  Insurer's Limit of Indemnity for each accident or each employee for disease:
    a. For Workers Compensation Insurance $ Unlimited
    b. For Employers Liability Insurance $ 1,000,000
    c. For Workers Compensation and Employers Liability Insurance Combined $ Not Applicable

8.  The premium for this policy will be determined on the basis of the information shown below, subject to verification and change by audit:

| Total Estimated Annual Remuneration | Rate per $100 of Remuneration | Estimated Annual Premium |
|---|---|---|
| $ 387,638,818 | $ .043654 | $ 169,220 |
| Total Estimated Annual Premium | | $ 169,220 |
| Advance Premium for this Policy | | $ 169,220 |
| Minimum Annual Premium | | $ 169,220 |
| West Virginia Surcharge | | $ 25.68 |
| Kentucky Surcharge | | $ 296.84 |
| Interim Policy Adjustment Period | | Annual |

Signed at Stamford, Connecticut, this 16th day of February, 1999.

GENERAL REINSURANCE CORPORATION

*Ronald P. Anderson*

Authorized Signature

SI-EP-02 (6/84 Rev. 2/85)
Copyright, General Reinsurance Corporation, 1984

EFILED 10/01/19 21:41:48 CASE NO. 19C2331 Richard R. Rooker, Clerk

**GENERAL REINSURANCE CORPORATION**
Financial Centre,
P.O. Box 10350,
Stamford, Connecticut 06904-2350

...cy, the insurer agrees with the insured named in Item 1 of the Information Page is follows:

### GENERAL SECTION

**A.   THE POLICY**

This policy includes the Information Page. It is a contract of insurance between the Insured and the Insurer. The only agreements relating to this insurance are stated in this policy. The terms of this policy may not be...

### EXCESS INSURANCE POLICY

### FOR SELF-INSURER OF

### WORKERS COMPENSATION AND EMPLOYERS LIABILITY



EFILED 10/01/19 21:41:48 CASE NO. 19C2331 Richard R. Rooker, Clerk

GENERAL REINSURANCE CORPORATION
Financial Centre
P.O. Box 10350
Stamford, Connecticut 06904-2350

**Excess Insurance Policy**
**For Self-Insurer Of**
**Workers Compensation and Employers Liability**

In return for the payment of the premium and subject to all the terms of this policy, the Insurer agrees with the Insured named in Item 1 of the Information Page as follows:

**GENERAL SECTION**

A. **THE POLICY**

This policy includes the Information Page. It is a contract of insurance between the Insured and the Insurer. The only agreements relating to this insurance are stated in this policy. The terms of this policy may not be changed or waived except by an endorsement made a part of this policy.

B. **CONTINUOUS POLICY**

This policy is effective at 12:01 a.m. on the effective date stated in Item 3 of the Information Page and will remain in full force and effect until cancelled as provided in Part Seven - Conditions, Paragraph L of this policy. All of the provisions of this policy apply separately to each consecutive 12-month period beginning with the date shown in Item 3 of the Information Page in the same manner as if a separate policy had been written for each such consecutive period.

C. **WHO IS INSURED**

The Insured is named in Item 1 of the Information Page. If the Insured is a partnership or joint venture, each partner or member of the joint venture is insured only in the capacity as employer of employees of the partnership or joint venture.

D. **WORKERS COMPENSATION LAW**

Workers Compensation Law means the workers or workmens compensation law and occupational disease law of each state named in Item 5a of the Information Page. It includes any amendments to that law which are in effect during the term of this policy. It does not include provisions of any law that provides non-occupational disability benefits.

E. **QUALIFIED SELF-INSURER**

The Insured represents that it is a duly qualified self-insurer under the Workers Compensation Law of each state named in Item 5a of the Information Page and will continue to maintain such qualifications during the term this policy is in effect. If the Insured should terminate such qualifications or if qualification of the Insured as a self-insurer is cancelled or revoked while this policy is in force, the amounts payable under this policy will not exceed the amounts which would have been payable if such qualifications had been maintained in full force and effect.

F. **STATE**

State means any state of the United States of America and the District of Columbia.

## PART ONE – WORKERS COMPENSATION INSURANCE

A.   The Insurer will indemnify the Insured for loss as a qualified self-insurer under the Workers Compensation Law in excess of the Insured's retention stated in Item 6 on the Information Page but not for more than the limit of indemnity stated in Item 7 of the Information Page.

B.   Loss means amounts actually paid by the Insured as a self-insurer under the Workers Compensation Law.

C.   This insurance applies to losses paid by the Insured as a qualified self-insurer under the Workers Compensation Law for bodily injury by accident or bodily injury by disease including resulting death, provided:

   1.   the bodily injury by accident occurs during the period this policy is in force; or

   2.   the bodily injury by disease is caused or aggravated by the conditions of employment by the Insured.  The employee's last day of last exposure to those conditions of that employment causing or aggravating such bodily injury by disease must occur during the period this policy is in force.

D.   The Insurer will not indemnify the Insured for any payments made by the Insured in excess of benefits regularly required by the Workers Compensation Law if such excess payments are required because:

   1.   of serious and wilful misconduct of the Insured;

   2.   the Insured  employed an employee in violation of law;

   3.   the Insured failed to comply with a health or safety law or regulation;

   4.   in violation of the Workers Compensation Law, the Insured discharged, coerced, or otherwise discriminated against any employee; or

   5.   the Insured violated or failed to comply with any Workers Compensation Law.

E.   The Insurer will not indemnify the Insured for any loss arising out of operations for which the Insured has rejected any Workers Compensation Law.

## PART TWO – EMPLOYERS LIABILITY INSURANCE

A.   The Insurer will indemnify the Insured as a qualified self-insurer of employers liability for loss in excess of the Insured's retention stated in Item 6 on the Information Page but not for more than the limits of indemnity stated in Item 7 of the Information Page.

B.   Indemnity by the Insurer will be made only if the original suit and any related legal actions for damages for bodily injury by accident or disease was brought in the United States of America, its territories or possessions or Canada.

C.   Loss means amounts which the Insured legally paid as damages because of bodily injury by accident or bodily injury by disease.  Bodily injury includes resulting death.

D.   This insurance applies to losses paid by the Insured as a qualified self-insurer of employers liability for bodily injury which arises out of and in the course of the injured employee's employment by the Insured, provided:

  1.   the bodily injury by accident occurs during the period this policy is in force;

  2.   the bodily injury by disease is caused or aggravated by the conditions of employment by the Insured.  The employee's last day of last exposure to those conditions of that employment causing or aggravating such bodily injury by disease must occur during the period this policy is in force; and

  the employment is necessary or incidental to work conducted by the Insured in a state listed in Item 5a of the Information Page.

E.   **DAMAGES INCLUDE:**

  1.   damages for which the Insured is liable to a third party by reason of a claim, suit or proceeding against the Insured to recover damages obtained by an injured employee of the Insured from the third party;

  2.   damages for care and loss of services of an injured employee of the Insured;

  3.   damages for consequential bodily injury to a spouse, child, parent, brother, or sister of the injured employee of the Insured; and

  provided such damages in 1, 2, and 3 above are the direct consequence of bodily injury that arises out of and in the course of the injured employee's employment by the Insured; and

  4.   damages because of bodily injury to an employee of the Insured arising out of and in the course of employment, claimed against the Insured in a capacity other than as employer.

F.   **EMPLOYERS LIABILITY INSURANCE EXCLUDES:**

  1.   liability assumed under a contract;

  2.   punitive or exemplary damages;

  3.   bodily injury to an employee while employed in violation of law;

  4.   bodily injury intentionally caused or aggravated by or at the direction of the Insured;

-3-

5. bodily injury occurring outside the United States of America, its territories or possessions, or Canada. This exclusion does not apply to bodily injury to a citizen or resident of the United States of America or Canada who is temporarily working outside these countries for the Insured;

6. damages arising out of the Insured's violation of law in the discharge of, coercion of, or discrimination against any employee;

7. any obligation imposed by a workers compensation, occupational disease, unemployment compensation, or disability benefits law, or any similar law; or

8. damages arising out of operations for which the Insured:

   (a) has violated or failed to comply with any workers compensation law, or

   (b) has rejected any workers compensation law.

## PART THREE – OTHER STATES INSURANCE

A. This policy applies in other states not shown in Item 5a of the Information Page if an employee of the Insured is injured in such a state and if the work of such injured employee of the Insured was within the scope of such employee's employment, at the direction of the Insured, and was temporary and transitory in such other state provided the Insured is not insured or self-insured in such other state, and

1. such other state is not listed as an exception in Item 5c of the Information Page;

2. such injured employee was regularly employed in a state listed in Item 5a of the Information Page;

3. the work in the other state was incidental to work in a state shown in Item 5a of the Information Page; and

4. the work of such injured employee was not at a permanent or fixed location of the Insured subject to the Workers Compensation law in such other state.

B. For any workers compensation benefits awarded under the law of any other state except those listed in Item 5c of the Information Page, the Insurer will indemnify the Insured only to the extent that the other state benefits do not exceed benefits which would have been paid to such injured employee under the workers compensation law of the state in which such employee is regularly employed.

C. For any workers compensation benefits awarded under the U.S. Longshoremen's and Harbor Workers' Compensation Act, except if such Act is listed in Item 5c of the Information Page, the Insurer will indemnify the Insured only to the extent that those benefits do not exceed benefits which would have been paid to such injured employee under the workers compensation law of the state in which such employee is regularly employed.

-4-

## PART FOUR – INSURED'S RETENTION AND INSURER'S LIMIT OF INDEMNITY

A.  **Retention by Insured:**

The Insured shall pay for its own account without other insurance, all loss up to the amount stated in Item 6 of the Information Page as Insured's Retention.

B.  **Limit of Indemnity by Insurer:**

The Insurer will indemnify the Insured for loss over the amount stated as Insured's Retention in Item 6 of the Information Page. The limit of indemnity for Workers Compensation Insurance will not exceed the limit stated in Item 7a of the Information Page. The limit of indemnity for Employers Liability Insurance will not exceed the limit stated in Item 7b of the Information Page. The total indemnity for Workers Compensation and Employers Liability Insurance combined will not exceed in any event the limit stated in Item 7c of the Information Page.

C.  **How Retention and Limit of Indemnity Apply:**

The Insured's Retention and Insurer's Limit of Indemnity stated on the Information Page apply to losses paid by the Insured as a qualified self-insurer of Workers Compensation and Employers Liability as follows:

1.  To one or more employees because of bodily injury or death in any one accident.

2.  To any one employee for bodily injury or death by disease.

The inclusion of more than one legal entity as Insured in Item 1 of the Information Page will not increase the Insured's Retention nor the Insurer's Limit of Indemnity.

D.  **Accident:**

1.  Accident means each accident or occurrence or series of accidents or occurrences arising out of any one event.

2.  An accident is deemed to end 72 hours after the event commences. Each subsequent 72 hours is deemed to be a separate accident period.

E.  **Disease:**

Disease is an accident only if it results directly from bodily injury by accident.

## PART FIVE – CLAIM EXPENSES

A.  Claim expenses of the Insured mean its litigation costs, interest as required by law on awards or judgments, and its claim investigation or legal expenses which can be directly allocated to a specific claim. Claim expenses exclude: salaries and travel expenses of employees of the Insured, annual retainers, overhead and any fees it paid for claim administration.

B. The Insurer will indemnify the Insured for a portion of the claim expenses incurred by the Insured. The amount of the indemnity will be the percentage of the Insured's claim expenses determined by the ratio that the amount of loss paid by the Insurer bears to the total amount of the loss. Such payments to indemnify the Insured for claim expenses are in addition to the Insurer's limit of indemnity.

C. The Insurer has no duty to investigate, handle, settle or defend any claim, proceeding or suit against the Insured.

## PART SIX - PREMIUM

A. <u>Premium Determination:</u>

Premium will be determined on the basis of the entire payroll and other remuneration paid or payable to all employees and officers of the Insured.

Remuneration includes 1 and 2 below:

1. Payroll, salaries, commissions, bonuses, overtime pay, pay for holidays, vacations, pay for piece work, payments under profit sharing or incentive plans, the value of lodging, apartments, and meals received by employees as part of their pay, and the value of store certificates, merchandise, credits, or any other substitute for money received by employees as part of their pay.

2. The entire amount received by any other person engaged in work which could make the Insured liable under Part One - Workers Compensation of this policy. This section 2 will not apply if the Insured gives proof to the Insurer that the employers of these persons lawfully secured their workers compensation obligations.

B. <u>Estimated Premium:</u>

The estimated premium shown on the Information Page is an estimate and is subject to verification by inspection or audit.

C. <u>Advance Premium:</u>

The advance premium stated in Item 8 of the Information Page is a deposit premium payable at the inception of this policy and will be retained by the Insurer until the end of each interim policy adjustment period.

D. <u>Earned Premium:</u>

The earned premium will be determined at the end of each interim policy adjustment period by use of actual, instead of estimated, premium base. The Insured will promptly pay such earned premium to the Insurer. If the earned premium exceeds premium previously paid, the Insured will promptly pay such excess to the Insurer. If such earned premium is less than premium previously paid, the Insurer will promptly return the balance to the Insured. The earned premium for each 12-month term of this policy will not be less than the Minimum Annual Premium stated in Item 8 of the Information Page.

-6-

E.   Termination of Policy:

The termination date of this policy will be deemed the end of the final interim policy adjustment period. If the earned premium upon termination of this policy exceeds premium previously paid, the Insured will pay such excess to the Insurer. If such earned premium is less than premium previously paid, the Insurer will return the balance to the Insured.

## PART SEVEN - CONDITIONS

A.   Notice of Accident:

1.   The Insured shall give prompt written notice to the Insurer if a claim for an injury or disease occurs which appears to involve indemnity by the Insurer.

2.   The Insured shall also give prompt written notice to the Insurer if an injury of the following type occurs:

(a)   a fatality;

(b)   an amputation of a major extremity;

(c)   any serious head injury (including skull fracture or loss of sight of either or both eyes);

(d)   any injury to the spinal cord;

(e)   any disability where it appears reasonably likely that there will be disability of more than one year; or

(f)   any second or third degree burn of 25% or more of the body.

3.   Notice of accident given to the Insurer shall contain complete details on the injury, disease, or death. If a suit, claim or other proceeding is commenced because of an injury listed in above section 2 or on any injury which appears to involve indemnity by the Insurer, the Insured shall give the Insurer:

(a)   all notices and legal papers related to the claim, proceeding or suit, or copies of these notices and legal papers; and

(b)   copies of reports on investigations made by the Insured on such claims, proceedings, or suits.

B.   Duties of Insured and Insurer:

1.   The Insurer has no duty to investigate, handle, settle or defend any claims, suits, or proceedings against the Insured.

-7-

2.  The Insurer has the right and shall be given the opportunity by the Insured to associate with the Insured in the defense, investigation, or settlement of any claim, suit or proceeding which appears to involve indemnity by the Insurer. In such association, the Insured and Insurer shall cooperate in all aspects of defense, investigation, or settlement.

C.  Appeals:

If the Insured does not appeal an award or judgment which exceeds the Insured's Retention, the Insurer has the right to take an appeal at its own cost and expense and shall be liable for costs, disbursements and interest related to the appeal. If the Insurer elects to appeal, the liability of the Insurer on such an award or judgment shall not exceed the limit of indemnity in Item 7 of the Information Page plus the cost and expense of such appeal.

D.  Payment of Loss to Insured:

The Insurer will indemnify the Insured for any loss under this policy as follows:

1.  For Part One - Workers Compensation Insurance and Part Three - Other States Insurance - the Insured will pay all benefits required of the Insured by the Workers Compensation Law. The indemnity by the Insurer will be made at monthly intervals after the Insurer has received proofs of payments by the Insured. Workers Compensation awards shall not be settled on a lump sum basis without written consent of the Insurer.

2.  For Part Two - Employers Liability Insurance - if damages are awarded which the Insured legally must pay, the Insured shall pay such damages. The indemnity will be made within 30 days after the Insurer has received proof of payment by the Insured.

E.  Subrogation - Recovery From Others:

1.  The Insurer has the right to recover all payments which the Insurer has made to the Insured from anyone liable for such loss. If the Insured recovers from anyone liable for such loss, the Insurer shall first be reimbursed from such recovery to the extent of its payments to the Insured.

2.  If the Insured does not commence an action or proceeding to recover damages from anyone liable for a loss paid by the Insurer, the Insurer has the rights of the Insured to recover damages from anyone liable for such loss. The Insured will do everything necessary to protect those rights and help the Insurer to enforce them. Any such recovery by the Insurer will be allocated as follows:

    (a)  the Insurer will be reimbursed for all of its payments under this policy;

    (b)  any balance of the recovery which remains after the Insurer has been reimbursed will be paid to the Insured.

-8-

3. Expenses of all proceedings to recover from anyone liable for injury covered by this policy will be allocated between the Insured and Insurer in the ratio represented by the allocation of any damages which have been recovered.

4. If such an action or proceeding undertaken solely by the Insurer results in no recovery, all related expenses will be paid by the Insurer.

5. If there is insurance coverage in excess of the Insurer's limit of indemnity under this policy and if subrogation recovery is obtained from anyone liable for loss, any such excess carrier will be reimbursed for any loss paid in excess of the Insurer's limit of indemnity before any reimbursement of the Insurer and Insured under the provisions of this Section E.

6. If there is no insurance coverage in excess of the Insurer's limit of indemnity and if there is a subrogation recovery in excess of the Insurer's limit of indemnity, the Insured will be reimbursed to the extent of any loss paid by the Insured in excess of the Insurer's limit of indemnity, before the Insurer is reimbursed under the provisions of this Section E.

F. Actions Against Insurer:

There will be no right of action against the Insurer unless the Insured has complied with all the terms of this policy.

G. Other Insurance:

If the Insured has other insurance, reinsurance, indemnity, or reimbursement agreement applicable to a loss for which the Insured would be indemnified under this policy, the indemnity under this policy will apply in excess of such other insurance, reinsurance, indemnity or reimbursement and will not contribute to such a loss with such other insurance, reinsurance, indemnity or reimbursement. This condition does not apply to other insurance, reinsurance, indemnity or reimbursement which the Insured has procured to apply in excess of the sum of the Insured's retention and the Insurer's limit of indemnity under this policy.

H. Inspection:

The Insurer has the right at any time, but is not obliged to inspect the Insured's operations and workplaces. Such inspections are not safety inspections. They relate only to the insurability of the workplaces and the premiums to be charged. The Insurer may give reports to the Insured on the conditions found upon inspection. The Insurer does not undertake to perform the duty of any person to provide for the health or safety of the Insured's employees or the public. The Insurer does not warrant that the Insured's workplaces are safe or healthful or that they comply with laws, regulations, codes, or standards.

-9-

I.    Audit:

The Insured will keep records needed to compute the premium in accordance with Part Six - Premium and send copies of those records when the Insurer asks for such records. The Insured will also send them to the Insurer at the end of each interim policy adjustment period and upon termination of this policy. The Insurer has the right to examine and audit all records of the Insured which relate to this policy, including ledgers, journals, registers, vouchers, contracts, tax reports, disbursement records and programs for storing and retrieving data. Information developed by audit will be used to determine earned and final premium. The Insurer has the right to conduct audits during regular business hours while this policy is in force and within three years after the final settlement of all claims or payments made on account of bodily injury to employees throughout the term of this policy.

J.    Assignment:

An assignment of interest under this policy will not bind the Insurer unless an endorsement assigning interest under this policy is issued by the Insurer to be part of this policy.

K.    Bankruptcy or Insolvency of Insured:

Bankruptcy or insolvency of the Insured will not relieve the Insurer of its duties and liabilities under this policy. After the Insured's retention has been reached, payments due under this policy will be made by the Insurer as if the Insured had not become bankrupt or insolvent, but not in excess of the Insurer's limit of indemnity. Such payments will be made to the Trustee in Bankruptcy or as a Court of competent jurisdiction may ultimately direct.

L.    Cancellation:

The Insurer or Insured may cancel this policy at any time by advance written notice stating when the cancellation is to take effect. Such cancellation notice shall be not less than the number of days shown in Item 4 of the Information Page. If the Insurer cancels because of non-payment of premium by the Insured, the Insurer has the right to cancel this policy on ten days written notice to the Insured. Mailing notice of cancellation by registered or certified mail or delivery of such notice by personal service at the address shown in Item 2 of the Information Page will be sufficient to prove notice. If the Insured cancels this policy on a date other than at the end of any 12-month period following the effective date of this policy, the Insurer will determine earned premium in accordance with the short rate table in use by the Insurer. The Insured shall pay the earned premium determined for the cancelled policy. Any premium due the Insured will be returned promptly by the Insurer. Actual return of premium due the Insured is not a condition to the effectiveness of cancellation of this policy as provided in this Condition.

M.    Sole Representative:

If more than one Insured is named in Item 1 of this policy, the Insured first named in Item 1 of the Information Page will act on behalf of all Insureds to give or receive notice of cancellation, receive return premium or indemnity, or request change in this policy.

N.  Policy Conforms To Law:

If terms of this policy are in conflict with any law applicable to this policy, this statement amends this policy to conform to such law.

O.  Captions:

The headings or captions used in this policy are for the purpose of reference only and shall not otherwise affect the meaning of this policy.

IN WITNESS WHEREOF, the Insurer has caused this policy to be signed by its President and Secretary in Stamford, Connecticut, but this policy shall not be binding on the Insurer unless countersigned by another officer or attorney-in-fact of the Insurer.

Secretary                                    President

SI-EP-01 (6/84 Rev. 2/85)

-11-

GRC-I1

## ENDORSEMENT      NO. 1

**INSURED**      Dollar General Corporation

**POLICY NO.** GDX014356      **EFFECTIVE DATE OF ENDORSEMENT** February 1, 1999

### EMPLOYERS LIABILITY INSURANCE ENDORSEMENT

Part Two "Employers Liability Insurance" is changed by replacing Paragraph F-6 with the following:

     6.      Damages arising out of: coercion, criticism, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination against or termination of any employee or any personnel practices policies, acts or omissions.

     All other terms or conditions of this policy are not changed. If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 16th day of February, 1999

GENERAL REINSURANCE CORPORATION

_Ronald P. Anderson_

Authorized Signature

SI-EP-44      Copyright, General Reinsurance Corporation, 1995

EFILED 10/01/19 21:41:48 CASE NO. 19C2331 Richard R. Rooker, Clerk

GRC-I1

# ENDORSEMENT          NO. 2

**INSURED**                Dollar General Corporation

**POLICY NO.** GDX014356      **EFFECTIVE DATE OF ENDORSEMENT** February 1, 1999

## NOTICE OF ACCIDENT ENDORSEMENT

Paragraph A-1 "Notice of Accident" in Part Seven is changed to read:

1. The Insured shall give prompt notice to the Insurer if a claim or injury
   occurs which appears to involve a loss equal to 33 1/3% or more of the
   Insured's Retention stated in Item 6 of the Information Page of this
   policy.

 

 

All other terms or conditions of this policy are not changed. If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 16th day of February, 1999

GENERAL REINSURANCE CORPORATION

_Ronald P Anderson_
_____
Authorized Signature

**SI-EP-45 (7/88)**                Copyright, General Reinsurance Corporation, 1988

GRC-I1

ENDORSEMENT                    NO.  3

**INSURED**                        Dollar General Corporation

**POLICY NO.**  GDX014356        **EFFECTIVE DATE OF ENDORSEMENT**  February 1, 1999

## SELF-ADMINISTERED CLAIMS ENDORSEMENT

This policy is changed to provide:

Part Seven - Condition P. is added to this policy:

P.    Administration of Losses

The Insured agrees that it will administer its own claims within the coverage of this policy. If the Insured decides to contract with a claim service organization to administer such claims, the Insured agrees to provide the Insurer with prompt written notice of such change.

    All other terms or conditions of this policy are not changed.  If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 16th day of February, 1999

GENERAL REINSURANCE CORPORATION

_Ronall P Onderbro_
Authorized Signature

SI-EP-40a (4/86)                    Copyright, General Reinsurance Corporation, 1986

GRC-I1

ENDORSEMENT                    NO.  4

**INSURED**                    Dollar General Corporation

**POLICY NO.**  GDX014356      **EFFECTIVE DATE OF ENDORSEMENT**  February 1, 1999

## INCLUSION OF ALLOCATED CLAIMS EXPENSE WITHIN THE INSURED'S RETENTION (BUT OUTSIDE THE INSURER'S LIMIT OF INDEMNITY)

This policy is changed to provide:

**PART FOUR - INSURED'S RETENTION AND INSURER'S LIMIT OF INDEMNITY**, Sections A. and B. are changed to read:

A.    <u>Retention by Insured:</u>

The Insured shall pay for its own account without other insurance, all loss and related claim expenses up to the amount stated in Item 6 of the Information Page as Insured's Retention.

B.    <u>Limit of Indemnity by Insurer:</u>

The Insurer will indemnify the Insured for loss over the amount stated as Insured's Retention in Item 6 of the Information Page.  The limit of indemnity for Workers Compensation Insurance will not exceed the limit stated in Item 7a of the Information Page.  The limit of indemnity for Employers Liability Insurance will not exceed the limit stated in Item 7b of the Information Page.  The total indemnity for Workers Compensation and Employers Liability Insurance combined will not exceed in any event the limit stated in Item 7c of the Information Page.

The Insurer will also indemnify the Insured for claim expenses regardless of the Limit of Indemnity stated in Item 7 of the Information Page.

**PART FIVE - CLAIM EXPENSES**, Section B. is deleted.

All other terms or conditions of this policy are not changed.  If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 16th day of February, 1999

GENERAL REINSURANCE CORPORATION

*Ronald P. Overlake*

Authorized Signature

Copyright, General Reinsurance Corporation, 1997

GRC-I1

**ENDORSEMENT**          **NO.** 5

**INSURED**          Dollar General Corporation

**POLICY NO.** GDX014356          **EFFECTIVE DATE OF ENDORSEMENT**   February 1, 1999

**ADVANCE PREMIUM INSTALLMENT ENDORSEMENT**

This policy is changed to provide:

Item 8 of the Information Page, Advance Premium for this Policy, will be payable as follows for the period February 1, 1999 to February 1, 2000:

| Due Date | Amount Payable | |
|----------|---|---|
| February 1, 1999 | $ | 42,305.00 |
| May 1, 1999 | $ | 42,305.00 |
| August 1, 1999 | $ | 42,305.00 |
| November 1, 1999 | $ | 42,305.00 |

    All other terms or conditions of this policy are not changed.  If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 16th day of February, 1999

GENERAL REINSURANCE CORPORATION

*Ronald P. Onderko*

_____

Authorized Signature

Copyright, General Reinsurance Corporation, 1995

GRC-I1

## ENDORSEMENT       NO.  6

**INSURED**                    Dollar General Corporation

**POLICY NO.** GDX014356       **EFFECTIVE DATE OF ENDORSEMENT**   February 1, 1999

## ALABAMA MANDATORY ENDORSEMENT

This endorsement is required by the Department of Industrial Relations. It places certain obligations on the Insured and the Insurer. Please read it carefully.

For an additional premium of $ (Included) this policy is changed to provide:

If the Insured or the Insurer cancels this Policy, or deletes an Alabama Workers Compensation Self-Insurer, or deletes the State of Alabama from the states shown in Item 5A of the Information Page, or if a material change in coverage occurs, or the Policy is not renewed, not less than 60 days advance written notice must be given by the party taking this action to the other and to the:

> Director of Industrial Relations
> Workers Compensation Division
> Self-Insurance Section
> Industrial Relations Building
> Montgomery, Alabama 36130

All other terms or conditions of this policy are not changed. If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 16th day of February, 1999

GENERAL REINSURANCE CORPORATION

*Ronald P. Onderico*

Authorized Signature

SI-EP-AL (7/86)       Copyright, General Reinsurance Corporation, 1986

GRC-I1

ENDORSEMENT                    NO. 7

**INSURED**                    Dollar General Corporation

**POLICY NO.** GDX014356       **EFFECTIVE DATE OF ENDORSEMENT** February 1, 1999

## FLORIDA MANDATORY ENDORSEMENT

This endorsement is required by the Department of Labor and Employment Security. It places certain obligations on the Insured and the Insurer. <u>Please</u> read it carefully.

If the Insured or the Insurer cancels this Policy, or deletes a Florida Workers Compensation Self-Insurer, or deletes the State of Florida from the states shown in Item 5A of the Information Page, not less than 60 days advance written notice must be given by the party taking this action to the other and to the:

> Division of Workers' Compensation
> Bureau of Operations Support
> Self-Insurance Section
> P.O. Box 5497
> Tallahassee, Florida 32314-5497

The Department of Labor and Employment Security may require payment of indemnities to a party other than the Insured, when action is necessary to insure proper payment of benefits to injured employees.

The Insurer agrees to be subject to the claims handling standards for policies of this type, as established by the Division of Workers Compensation for Insurers and Self-Insurers in Florida.

All other terms or conditions of this policy are not changed. If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 16th day of February, 1999

GENERAL REINSURANCE CORPORATION

_Ronald P. Onderko_

Authorized Signature

Copyright, General Reinsurance Corporation, 1997

EFILED 10/01/19 21:41:48 CASE NO. 19C2331 Richard R. Rooker, Clerk

GRC-I1

**ENDORSEMENT**      **NO. 8**

**INSURED**          Dollar General Corporation

**POLICY NO.** GDX014356     **EFFECTIVE DATE OF ENDORSEMENT**   February 1, 1999

BANKRUPTCY AND INSOLVENCY ENDORSEMENT

FLORIDA

(For Individual Self-Insurers)

It is agreed this Policy is changed.

PART SEVEN - CONDITIONS

K.     <u>Bankruptcy or Insolvency of Insured</u> is replaced by:

K.     <u>Bankruptcy or Insolvency of Insured</u>

Bankruptcy or insolvency of the Insured will not relieve the Insurer of its duties and liabilities under this policy.

The Florida Self-Insurers Guaranty Association, Inc. is added to this policy as an Additional Insured, but only for loss required by Chapter 440.385 Florida Statutes to be paid by it on behalf of the Insured shown in Item 1. of the Information Page.

After the Insured's Retention has been reached, payments due under this policy will be made to the Additional Insured in lieu of the Insured, by the Insurer as if the Insured had not become bankrupt or insolvent, but not in excess of the Insurer's Limit of Indemnity.

Copyright, General Reinsurance Corporation, 1988
Case 3:19-cv-00980　Document 1-2　Filed 11/04/19　Page 28 of 83 PageID #: 163

GRC-I1

## ENDORSEMENT                    NO. 8

**INSURED**                    Dollar General Corporation

**POLICY NO.** GDX014356    **EFFECTIVE DATE OF ENDORSEMENT** February 1, 1999

The Insurer is obligated to pay the Additional Insured only after (1) The Division of Workers' Compensation has notified the Florida Self-Insurers Guaranty Association, Inc. of the insolvency of the Insured pursuant to Section 440.385(6) (a)1., Florida Statutes (2) The Insured has defaulted on its obligations and (3) the Florida Self-Insurers Guaranty Association, Inc. has made payments on behalf of the Insured which are indemifiable under the terms of this policy.

Otherwise, such payments by the Insurer under this Condition will be made to the Trustee in Bankruptcy or as a court of competent jurisdiction may ultimately direct.

All other terms or conditions of this policy are not changed. If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 16th day of February, 1999

GENERAL REINSURANCE CORPORATION

*Ronald P Onderko*
_____
Authorized Signature

**Page 2 of 2**
SI-EF-FL2 (3/88)

Copyright, General Reinsurance Corporation, 1988

GRC-I1

## ENDORSEMENT                    NO. 9

**INSURED**                    Dollar General Corporation

**POLICY NO.** GDX014356    **EFFECTIVE DATE OF ENDORSEMENT**  February 1, 1999

## IOWA CANCELLATION ENDORSEMENT

If this policy is cancelled, terminated or altered by the Insured or Insurer, ninety (90) days advance notice (ten days for non-payment of premium) will be given to:

> Commissioner of Insurance
> Insurance Division
> Iowa Department of Commerce
> Lucas Building
> Des Moines, Iowa  50319

   All other terms or conditions of this policy are not changed.  If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 16th day of February, 1999

GENERAL REINSURANCE CORPORATION

_Ronald P. Anderson_
_____
Authorized Signature

SI-EP-IA (1/95)                    Copyright, General Reinsurance Corporation, 1995

GRC-I1

**ENDORSEMENT**   **NO.** 10

**INSURED**   Dollar General Corporation

**POLICY NO.** GDX014356   **EFFECTIVE DATE OF ENDORSEMENT** February 1, 1999

## INDIANA CANCELLATION ENDORSEMENT

Notice of cancellation must be given, by the party canceling, to the Worker's Compensation Board of Indiana, Room W196. Indiana Government Center South, 402 West Washington Street, Indianapolis, Indiana 46204.

All other terms or conditions of this policy are not changed. If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 16th day of February, 1999

GENERAL REINSURANCE CORPORATION

*Rorall P Onderho*

Authorized Signature

Copyright, General Reinsurance Corporation, 1994

GRC-I1

## ENDORSEMENT                    NO.  11

**INSURED**                    Dollar General Corporation

**POLICY NO.**  GDX014356        **EFFECTIVE DATE OF ENDORSEMENT**  February 1, 1999

## MARYLAND CANCELLATION ENDORSEMENT

This policy is changed to provide:

If this policy is cancelled or if a Maryland self-insurer is eliminated from this policy by the Insured or Insurer, the party that cancels must give not less than thirty (30) days advance written notice to the other party, telling on which future date the cancellation is to be effective.

The same notice must also be sent to the:

> Workmen's Compensation Commission
> Director of Self-Insurance
> 6 North Liberty Street
> Baltimore, Maryland  21201

The notice of cancellation will be served in the same manner as provided in Sec. 19, subparagraph (e) of Article 101 Public Laws of Maryland.

All other terms or conditions of this policy are not changed.  If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 16th day of February, 1999

GENERAL REINSURANCE CORPORATION

_Ronald  P. Oholeches_
Authorized Signature

Copyright, General Reinsurance Corporation, 1985

GRC-I1

**ENDORSEMENT**            **NO.** 12

**INSURED**                    Dollar General Corporation

**POLICY NO.** GDX014356        **EFFECTIVE DATE OF ENDORSEMENT**  February 1, 1999

**MARYLAND AMENDATORY ENDORSEMENT**

It is agreed this policy is changed to provide:

Item 7c of the Information Page does not apply to the Insureds loss in the State of Maryland.

All other terms or conditions of this policy are not changed. If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 16th day of February, 1999

GENERAL REINSURANCE CORPORATION

_Ronald P Onderko_
_____
Authorized Signature

Copyright, General Reinsurance Corporation, 1989

GRC-I2

**ENDORSEMENT**         **NO.** 13

**INSURED**            Dollar General Corporation

**POLICY NO.** GDX014356     **EFFECTIVE DATE OF ENDORSEMENT** February 1, 1999

BANKRUPTCY AND INSOLVENCY ENDORSEMENT

MARYLAND

It is agreed this Policy is changed.

<u>PART SEVEN - CONDITIONS</u>

K.     <u>Bankruptcy or Insolvency of Insured</u> is replaced by:

K.     <u>Bankruptcy or Insolvency of Insured</u>

Bankruptcy or insolvency of the Insured will not relieve the Insurer of its duties and liabilities under this policy.

The Uninsured Employers Fund (Fund) is added to this policy as an Additional Insured, but only for loss required to be paid by it on behalf of the Insured shown in Item 1. of the Information Page.

After the Insured's Retention has been reached, payments due under this policy shall be made to the Fund in lieu of the Insured, by the Insurer as if the Insured had not become bankrupt or insolvent, but not in excess of the Insurer's Limit of Indemnity.

The Insurer is obligated to pay the Fund only after (1) The Insured is declared to be insolvent or files for bankruptcy (2) The Insured has defaulted on its obligations and (3) the Fund has made payments on behalf of the Insured which are indemnifiable under the terms of this policy..

Copyright, General Reinsurance Corporation, 1990

EFILED  10/01/19 21:41:48  CASE NO. 19C2331  Richard R. Rooker, Clerk

GRC-I1

**ENDORSEMENT**          **NO.**  13

**INSURED**                Dollar General Corporation

**POLICY NO.**  GDX014356      **EFFECTIVE DATE OF ENDORSEMENT**  February 1, 1999

Otherwise, such payments by the Insurer under this Condition will be made to the Trustee in Bankruptcy or as a court of competent jurisdiction may ultimately direct.

All other terms or conditions of this policy are not changed.  If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 16th day of February, 1999

GENERAL REINSURANCE CORPORATION

_Ronald P Onderdo_
Authorized Signature

Copyright, General Reinsurance Corporation, 1990
Case 3:19-cv-00980   Document 1-2   Filed 11/04/19   Page 35 of 83 PageID #: 170

EFILED 10/01/19 21:41:48 CASE NO. 19C2331 Richard R. Rooker, Clerk

GRC-I1

# ENDORSEMENT                  NO. 14

**INSURED**                    Dollar General Corporation

**POLICY NO.** GDX014356    **EFFECTIVE DATE OF ENDORSEMENT**  February 1, 1999

## MISSISSIPPI MANDATORY ENDORSEMENT

This endorsement is required by the Mississippi Worker's Compensation Commission. It places certain obligations on the Insured and the Insurer. <u>Please read it carefully.</u>

For an additional premium of $(included) this policy is changed to provide:

If the Insured or the Insurer cancels or non-renews this Policy, or deletes a Mississippi Workers Compensation Self-Insurer, or deletes the State of Mississippi from the states shown in Item 5A of the Information Page not less than 60 days advance written notice must be given by the party taking this action to the other and to the:

> Mississippi Worker's Compensation Commission
> 1428 Lakeland Drive
> P.O. Box 5300
> Jackson, Mississippi 39296-5300

Countersigned at _____, Mississippi on
_____, 1999. By_____
    (month/day)          (Mississippi Resident Agent)

License No._____

All other terms or conditions of this policy are not changed. If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 16th day of February, 1999

GENERAL REINSURANCE CORPORATION

*Ronald P. Inderbro*

Authorized Signature

GRC-I1

**ENDORSEMENT**     **NO.** 15

**INSURED**     Dollar General Corporation

**POLICY NO.** GDX014356     **EFFECTIVE DATE OF ENDORSEMENT**  February 1, 1999

### NORTH CAROLINA CANCELLATION ENDORSEMENT

If the Insured or the Insurer cancels or non-renews this Policy, or deletes a North Carolina Workers Compensation Self-Insurer, or deletes the State of North Carolina from the states shown in Item 5A of the Information Page, or if a material change in coverage effects a North Carolina Workers Compensation Self-Insurer, not less than 45 days (15 days for non-payment of premium) advance written notice must be given by the party taking this action to the other and to the:

> North Carolina Insurance Department
> P.O. Box 26387
> Raleigh, North Carolina  27611

All other terms or conditions of this policy are not changed.  If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 16th day of February, 1999

GENERAL REINSURANCE CORPORATION

*Ronald P. Onelesko*

Authorized Signature

SI-EF-NC (Rev. 1/90)     Copyright, General Reinsurance Corporation, 1990

GRC-I1

## ENDORSEMENT NO. 16

**INSURED** Dollar General Corporation

**POLICY NO.** GDX014356 **EFFECTIVE DATE OF ENDORSEMENT** February 1, 1999

## OHIO MANDATORY ENDORSEMENT

Any person who, with intent to defraud or knowingly facilitates a fraud against an insurer, submits an application or files a claim containing a false or deceptive statement is guilty of insurance fraud.

All other terms or conditions of this policy are not changed. If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 16th day of February, 1999

GENERAL REINSURANCE CORPORATION

*Ronald P. Onderho*

Authorized Signature

SI-EP-OH2 (1/91) Revised  Copyright, General Reinsurance Corporation, 1991

GRC-I1

## ENDORSEMENT                    NO. 17

**INSURED**                    Dollar General Corporation

**POLICY NO.** GDX014356      **EFFECTIVE DATE OF ENDORSEMENT**  February 1, 1999

## OKLAHOMA CANCELLATION ENDORSEMENT

This policy is changed to provide:

If this policy is cancelled by the Insured or Insurer, 30 days advance notice of cancellation (10 days if cancellation is for non-payment of premium) will be given to:

> Workers' Compensation Court
> 1915 North Stiles
> Oklahoma City, Oklahoma 73105

All other terms or conditions of this policy are not changed. If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 16th day of February, 1999

GENERAL REINSURANCE CORPORATION

_Ronald P. Onderko_

Authorized Signature

SI-EP-OK (2/93)                    Copyright, General Reinsurance Corporation, 1993

GRC-I1

## ENDORSEMENT NO. 18

**INSURED** Dollar General Corporation

**POLICY NO.** GDX014356    **EFFECTIVE DATE OF ENDORSEMENT** February 1, 1999

## OKLAHOMA CANCELLATION AMENDMENT

This policy is changed to provide:

Part Seven - Conditions, L. Cancellation is changed, in part, to require that in the event the Insurer cancels this policy, after it has been in effect for more than forty-five (45) days, not less than thirty (30) days advance written notice (ten (10) days for non-payment of premium) will be given to the Insured before cancellation is effective.

The Insurer will not cancel this policy, after it has been in effect for more than forty-five (45) days, except for one or more of the following reasons:

1.    non-payment of premium;

2.    discovery of fraud or material misrepresentation in the attempt to obtain this policy or in presenting a claim;

3.    discovery of wilful or reckless acts or omissions by the Insured which increase any hazard insured against;

4.    a change in the risk which substantially increases the hazard insured against;

5.    a violation of any local fire, health, safety, building, or construction regulation ordinance with respect to any insured property or its occupancy which substantially increases any hazard insured against;

6.    a determination by the insurance commissioner that continuance of the policy would place the Insurer in violation of the Oklahoma insurance laws;

7.    conviction of the Insured, its officers, directors or employees of a crime having as one of its necessary elements an act increasing any hazard insured against;

8.    loss of or substantial changes in the Insurer's applicable reinsurance.

Copyright, General Reinsurance Corporation, 1995

EFILED 10/01/19 21:41:48 CASE NO. 19C2331 Richard R. Rooker, Clerk

## ENDORSEMENT NO. 18

**INSURED** Dollar General Corporation

**POLICY NO.** GDX014356 **EFFECTIVE DATE OF ENDORSEMENT** February 1, 1999

The Insurer will give the Insured not less than forty-five (45) days advance written notice of a change in premium, Insured's Retention, reduction in Insurer's Limit of Indemnity or coverage contemplated, before the annual anniversary(ies) of this policy. In the event the Insurer fails to give this notice, this policy will continue at the same terms and conditions currently in effect until such time as forty-five (45) days advance written notice is given and the Insured either accepts or rejects the notice or obtains replacement coverage, whichever comes first.

If the Insurer elects not to renew this policy, the Insurer will give the Insured not less than forty-five (45) days advance written notice before the anniversary of this policy.

All other terms or conditions of this policy are not changed. If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 16th day February, 1999

GENERAL REINSURANCE CORPORATION

*Ronald P. Onderheo*
_____
Authorized Signature

Case 3:19-cv-00980 Document 1-2 Filed 11/04/19 Page 41 of 83 PageID #: 176

Copyright, General Reinsurance Corporation, 1995

GRC-I1

**ENDORSEMENT** **NO.** 19

**INSURED** Dollar General Corporation

**POLICY NO.** GDX014356 **EFFECTIVE DATE OF ENDORSEMENT** February 1, 1999

## OKLAHOMA MANDATORY ENDORSEMENT

WARNING: Any person who knowingly and with intent to injure, defraud or deceive any insurer, makes any claim for the proceeds of an insurance policy containing any false, incomplete or misleading information is guilty of a felony.

All other terms or conditions of this policy are not changed. If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 16th day of February, 1999

GENERAL REINSURANCE CORPORATION

*Ronald P Ondurko*

Authorized Signature

Copyright, General Reinsurance Corporation, 1993

GRC-I1

### ENDORSEMENT                    NO. 20

**INSURED**                    Dollar General Corporation

**POLICY NO.** GDX014356    **EFFECTIVE DATE OF ENDORSEMENT**   February 1, 1999

### PENNSYLVANIA ENDORSEMENT

### FOR EXCESS POLICIES FOR SELF-INSURANCE FUNDS

The policy is amended to incorporate the following provisions:

1. The policy is not cancelable or non-renewable unless written notice by registered or certified mail is given to the other party to the policy and to the Pennsylvania Bureau of Workers' Compensation (Bureau) at least 45 days before termination by the party desiring to cancel or not renew the policy.

2. If the Insured is unable to make benefit payments under the Pennsylvania Workers' Compensation Act and the Pennsylvania Occupational Disease Act (Acts) due to insolvency or bankruptcy, the Company shall make payments to other parties involved in the paying of the Insured's liability, as directed by the Bureau, subject to the policy's retentions and limits.

3. The following shall be applied to the Insured's Retention:

   i.   Payments made by the Insured;

   ii.  Payments made on behalf of the Insured under a surety bond or other forms of security as required under the Acts or the regulations promulgated thereunder;

   iii. Payments made by the Self-Insurance Guaranty Fund.

4. The policy applies to all categories of injuries or diseases compensable under the Acts.

   All other terms or conditions of this policy are not changed. If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 16th day of February, 1999

GENERAL REINSURANCE CORPORATION

*Ronald P. Onduko*
_____
Authorized Signature

Copyright, General Reinsurance Corporation, 1995

GRC-I1

## ENDORSEMENT      NO. 21

**INSURED**            Dollar General Corporation

**POLICY NO.**   GDX014356      **EFFECTIVE DATE OF ENDORSEMENT**   February 1, 1999

## SOUTH CAROLINA MANDATORY ENDORSEMENT

This endorsement is required by the South Carolina Industrial Commission. It places certain obligations on the Insured and the Insurer. <u>Please read it carefully.</u>

For an additional premium of $ (Included) this policy is changed to provide:

If the Insured or the Insurer cancels or non-renews this Policy, or deletes a South Carolina Workers Compensation Self-Insurer, or deletes the State of South Carolina from the states shown in Item 5A of the Information Page, or if a material change in coverage effects a South Carolina Workers Compensation Self-Insurer, not less than 60 days advance written notice must be given by the party taking this action to the other and to the:

> South Carolina Workers Compensation Commission
> 1612 Marion Street
> P.O. Box 1715
> Columbia, South Carolina 29202-1715
>
> Attention: Self Insurance Department

All other terms or conditions of this policy are not changed. If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 16th day of February, 1999

GENERAL REINSURANCE CORPORATION

*Ronald P. Onderko*

_____
Authorized Signature

SI-EP-SC (Rev. 11/86)      Copyright, General Reinsurance Corporation, 1986

## ENDORSEMENT      NO. 22

**INSURED**            Dollar General Corporation

**POLICY NO.** GDX014356      **EFFECTIVE DATE OF ENDORSEMENT**   February 1, 1999

### <u>TENNESSEE CANCELLATION ENDORSEMENT</u>

This policy is changed to provide:

1.     This policy automatically terminates on the date the Insured ceases to be a duly qualified self-insurer under the Workers Compensation Law of the State of Tennessee.

2.     If this policy is cancelled by the Insured or Insurer, 30 days advance notice of cancellation (10 days if cancellation is for non-payment of premium) will be given to:

                Department of Commerce and Insurance
                Self-Insurance Division
                500 James Robertson Parkway
                Fourth Floor, Volunteer Plaza
                Nashville, Tennessee 37243-1132

     All other terms or conditions of this policy are not changed. If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 16th day of February, 1999

GENERAL REINSURANCE CORPORATION

*Ronald P. Onderko*
_____
Authorized Signature

Copyright, General Reinsurance Corporation, 1995

GRC-I1

## ENDORSEMENT          NO. 23

**INSURED**                    Dollar General Corporation

**POLICY NO.** GDX014356          **EFFECTIVE DATE OF ENDORSEMENT** February 1, 1999

## TENNESSEE MANDATORY ENDORSEMENT

Policyholder Service Office

If the Insured has questions relating to this excess insurance policy, the Insurer may be contacted as follows:

a.   For questions relating to claims processing and payments:

Genesis Underwriting Management Company
 on behalf of General Reinsurance Corporation
Seven Piedmont Center
3525 Piedmont Road, NE
Atlanta, Georgia  30305-1500

b.   For questions relating to policy terms, premium payments and other matters:

Genesis Underwriting Management Company
 on behalf of General Reinsurance Corporation
Seven Piedmont Center
3525 Piedmont Road, NE
Atlanta, Georgia  30305-1500

All other terms or conditions of this policy are not changed.  If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 16th day of February, 1999

GENERAL REINSURANCE CORPORATION

_Ronald P. Anderson_
Authorized Signature

SI-EP-TN2 (1/90)        Copyright, General Reinsurance Corporation, 1990

GRC-I1

# ENDORSEMENT NO. 24

**INSURED** Dollar General Corporation

**POLICY NO.** GDX014356 **EFFECTIVE DATE OF ENDORSEMENT** February 1, 1999

This policy is changed to provide:

## TEXAS AMENDATORY ENDORSEMENT

**PART SEVEN - CONDITIONS -** L. Cancellation is amended to include the following:

The Insurer may cancel this Policy by mailing or delivering to the Insured written notice of cancellation, stating the reason for cancellation, at least 10 days before the effective date of cancellation.

(1)  If this Policy has been in effect for 60 or fewer days, the Insurer may cancel for any reason.

(2)  If this Policy has been in effect for more than 60 days, the Insurer may cancel only for one or more of the following reasons:

(a)  Fraud in obtaining coverage;

(b)  Failure to pay premiums when due;

(c)  An increase in hazard within the control of the Insured which would produce an increase in rate;

(d)  Loss of the Insurer's reinsurance covering all or part of the risk covered by the Policy; or

(e)  If the Insurer has been placed in supervision, conservatorship or receivership and the cancellation is approved or directed by the supervisor, conservator or receiver.

The Insurer may not cancel or refuse to renew a policy or contract of insurance based solely on the fact that the Insured in question is an elected official.

The Insurer may elect not to renew this Policy by mailing or delivering to the Insured written notice of nonrenewal, stating the reason for nonrenewal, at least 60 days before the anniversary date. If notice is mailed or delivered less than 60 days before the anniversary date, this Policy will remain in effect until the 61st day after the date on which the notice is mailed or delivered and any earned premium for the extended coverage period will be computed on a pro rata basis of the preceding policy period.

Copyright, General Reinsurance Corporation, 1997

EFILED 10/01/19 21:41:48 CASE NO. 19C2331 Richard R. Rooker, Clerk

GRC-I1

# ENDORSEMENT                    NO. 24

**INSURED**                    Dollar General Corporation

**POLICY NO.** GDX014356    **EFFECTIVE DATE OF ENDORSEMENT** February 1, 1999

**PART SEVEN - CONDITIONS** - K.  <u>Bankruptcy or Insolvency of the Insured</u> is amended to include the following:

It is hereby understood and agreed that the Texas Certified Self-Insurer Guaranty Association is added as an additional insured under this Policy and may assume the rights and responsibilities of the Insured under this Policy in the event the Insured is declared to be impaired.

All other terms or conditions of this policy are not changed. If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 16th day of February, 1999

GENERAL REINSURANCE CORPORATION

_Ronald P. Onderko_
_____
Authorized Signature

**Page 2 of 2**
**SI-EP-TX (9/97)**
Copyright, General Reinsurance Corporation, 1997

GRC-I1

ENDORSEMENT                    NO. 25

**INSURED**              Dollar General Corporation

**POLICY NO.** GDX014356     **EFFECTIVE DATE OF ENDORSEMENT** February 1, 1999

---

## VIRGINIA AMENDATORY ENDORSEMENT

This policy is changed to provide:

If this policy is changed by the Insured or the Insurer, 60 days advance notice of cancellation will be given to:

> Mrs. Lois Tunstall
> Industrial Commission of Virginia
> Self-Insurance Section
> 1000 DMV Drive
> Richmond, Virginia 23220

Condition M. <u>Sole Representative</u> does not apply to this policy.

All other terms or conditions of this policy are not changed. If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 16th day of February, 1999

GENERAL REINSURANCE CORPORATION

*Ronald P Anderko*
_____
Authorized Signature

Copyright, General Reinsurance Corporation, 1997

GRC-I1

ENDORSEMENT          NO. 26

**INSURED**                    Dollar General Corporation

**POLICY NO.** GDX014356      **EFFECTIVE DATE OF ENDORSEMENT**  February 1, 1999

---

## VIRGINIA COMPULSORY ENDORSEMENT

It is agreed this policy is changed.

If this policy is cancelled or not renewed, not less than sixty (60) days advance written notice is given by the party cancelling or nonrenewing to the other and to:

> Self-Insurance Program
> Virginia Workers Compensation Commission
> 1000 DMV Drive
> Richmond, Virginia  23220

All notices of cancellations or non-renewal must be sent by first class registered or certified U.S. Postal Service Mail.

All other terms or conditions of this policy are not changed.  If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 16th day of February, 1999

GENERAL REINSURANCE CORPORATION

*Ronald P Onderko*

Authorized Signature

SI-EP-VA3 (2/93)
Copyright, General Reinsurance Corporation, 1993

GRC-I1

## ENDORSEMENT                    NO. 27

**INSURED**                      Dollar General Corporation

**POLICY NO.** GDX014356      **EFFECTIVE DATE OF ENDORSEMENT**  February 1, 1999

## WEST VIRGINIA AMENDATORY ENDORSEMENT

This policy is changed to provide:

In consideration of the premium for this policy, the Insured will contribute to the Workmen's Compensation Funds in the State of West Virginia for catastrophe and Second Injuries as defined in such law and such injuries or deaths covered by these funds are excluded from the provisions of this policy.

     All other terms or conditions of this policy are not changed.  If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 16th day of February, 1999

GENERAL REINSURANCE CORPORATION

_Ronald P. Onderko_
_____
Authorized Signature

SI-EP-WV
Copyright, General Reinsurance Corporation, 1995

GRC-I1

## ENDORSEMENT

**NO.** 28

**INSURED**                    Dollar General Corporation

**POLICY NO.** GDX014356   **EFFECTIVE DATE OF ENDORSEMENT**   February 1, 1999

## LONGSHOREMEN'S AND HARBOR WORKERS COMPENSATION ACT COVERAGE ENDORSEMENT

This policy is changed to provide:

All references to "Workers Compensation Law" in this policy include the United States Longshoremen's and Harbor Workers Compensation Act (33 U.S.C. Sections 901-950) and any amendment to that Act that is in effect during the period this policy is in force.

All other terms or conditions of this policy are not changed. If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 16th day of February, 1999

GENERAL REINSURANCE CORPORATION

_Ronald P. Anderso_

Authorized Signature

Copyright, General Reinsurance Corporation, 1995

GRC-I1

**ENDORSEMENT**       NO. 29

**INSURED**       Dollar General Corporation

**POLICY NO.** GDX014356 **EFFECTIVE DATE OF ENDORSEMENT** February 1, 1999

## VOLUNTARY COMPENSATION AND EMPLOYERS LIABILITY COVERAGE ENDORSEMENT (SPECIFIED EMPLOYEES)

This endorsement adds Voluntary Compensation Insurance to this policy.

A.      **How This Insurance Applies:**

This insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

1.     The bodily injury must be sustained by an employee included in the group of employees in Item 1 of the Schedule.

2.     The bodily injury must occur in the course of employment necessary or incidental to work in a state listed in Item 2 of the Schedule.

3.     The bodily injury must occur in the the United States of America, its territories or possessions or Canada, and may occur elsewhere if the employee is a United States or Canadian citizen temporarily away from those places.

4.     Bodily injury by accident must occur during the period this endorsement is in force.

5.     Bodily injury by disease must be caused or aggravated by the conditions of employment by the Insured. The employee's last day of last exposure to those conditions causing or aggravating such bodily injury by disease must occur during the period this endorsement is in force.

B.      **Workers Compensation Insurance:**

Part One - Workers Compensation Insurance applies to Bodily injury covered by this endorsement as if the State of Employment shown in the Schedule were shown in Item 5 of the Information Page.

Copyright, General Reinsurance Corporation, 1998

GRC-I1

ENDORSEMENT                    NO.   29

**INSURED**                    Dollar General Corporation

**POLICY NO.** GDX014356   **EFFECTIVE DATE OF ENDORSEMENT**   February 1, 1999

---

C.     **Employers Liability Insurance:**

Part Two - Employers Liability Insurance applies to Bodily injury covered by this endorsement as if the State of Employment shown in the Schedule were shown in Item 5 of the Information Page.

D.     **Voluntary Compensation Insurance Excludes:**

In addition to the terms of Part One - Workers Compensation Insurance and Part Two - Employers Liability, this insurance does not cover:

1.     any obligation imposed by a workers compensation or occupational disease law, or any similar law.

2.     bodily injury intentionally caused or aggravated by the Insured.

E.     **Payment of Loss to the Insured:**

Before the Insurer indemnifies the Insured, the injured employee of the Insured must:

1.     Release the Insured and the Insurer, in writing, of all responsibility for the injury or death.

2.     Assign to the Insured and the Insurers their right to recover from others who may be responsible for the injury or death.

3.     Cooperate with the Insured and the Insurer and do everything necessary to enable both to enforce the right to recover from others.

       If the employee fails to do those things, or the employee makes a claim for the bodily injury or death, this insurance will not apply.

Copyright, General Reinsurance Corporation, 1998

GRC-I1

ENDORSEMENT     NO.   29

**INSURED**          Dollar General Corporation

**POLICY NO.** GDX0143656 **EFFECTIVE DATE OF ENDORSEMENT** February 1, 1999

**Schedule**

| 1. Employees | 2. State of Employment | Designated Workers<br>3. Compensation Law |
|---|---|---|
| All employees not subject<br>to a Workers Compensation Act | All States | State of Hire |

All other terms or conditions of this policy are not changed. If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 16th day of February, 1999

GENERAL REINSURANCE CORPORATION

*Ronald P. Onderko*
_____
Authorized Signature

Copyright, General Reinsurance Corporation, 1998

GRC-I1

ENDORSEMENT                                        NO.   30

**INSURED**                        Dollar General Corporation

**POLICY NO.**   GDX014356   **EFFECTIVE DATE OF ENDORSEMENT**   February 1, 1999

## BLANKET WAIVER OF SUBROGATION ENDORSEMENT

**PART SEVEN - CONDITIONS,** Paragraph E., Subrogation - Recovery From Others is changed
to provide:

> The Insurer has the right to recover all payments which the Insurer has made to the
> Insured from anyone liable for such loss.  The Insurer agrees to waive the right against
> any person or organization with which the Insured has a written contract that is
> effective and executed prior to the date of loss, if such contract requires the Insured to
> obtain the agreement from the Insurer.

All other terms or conditions of this policy are not changed.  If this endorsement is issued after the
policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed
Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 16th day of February, 1999

GENERAL REINSURANCE CORPORATION

_Ronald P. Anderico_
Authorized Signature

Copyright, General Reinsurance Corporation 1996

GRC-I1

### ENDORSEMENT

**NO.** 31

**INSURED**        Dollar General Corporation

**POLICY NO.**    GDX014356    **EFFECTIVE DATE OF ENDORSEMENT**    February 1, 1999

This policy is changed to provide:

### NOTICE OF OCCURRENCE

It is agreed that failure of your agent, servant or employee, other than an executive officer of your corporation, partner of a partnership insured, or the owner, to notify us of an occurrence of which they have knowledge shall not invalidate the insurance afforded the Insured by this policy.

    All other terms or conditions of this policy are not changed. If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 16th day of February, 1999

GENERAL REINSURANCE CORPORATION

_Ronald P. Onderdonk_
_____
Authorized Signature

Copyright, General Reinsurance Corporation, 1995

GRC-I1

ENDORSEMENT                   NO. 32

**INSURED**                     Dollar General Corporation

**POLICY NO.**   GDX014356   **EFFECTIVE DATE OF ENDORSEMENT**   February 1, 1999

<u>**KNOWLEDGE OF OCCURRENCE**</u>

The Insured shall be deemed to have knowledge of an occurrence as of the date that the Insured's Legal Department, Risk Management Department, Claim Administrator or any of the Insured's Corporate Directors or Officers receives notice of such occurrence. Failure of any other of the Insured's agents or employees to notify the Insurer of an occurrence of which the agent(s) or employee(s) has knowledge shall not invalidate the insurance afforded by this policy.

    All other terms or conditions of this policy are not changed. If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 1st day of March, 1999

GENERAL REINSURANCE CORPORATION

*Ronald P Underko*

Authorized Signature

SI-EP-12
Copyright, General Reinsurance Corporation, 1995

GRC-I1

# ENDORSEMENT    NO.   33

**INSURED**                 Dollar General Corporation

**POLICY NO.**    GDX014356    **EFFECTIVE DATE OF ENDORSEMENT**    February 1, 1999

This policy is changed to provide:

For  the period February 1, 1999 to February 1, 2000, the following Information Page item is amended as shown below:

Information Page Item 4 - Cancellation Notice is amended to read:

Ninety (90) Days Written Notice, Subject to Part Seven - Conditions, Paragraph L.

All other terms or conditions of this policy are not changed.  If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 16th day of February, 1999

GENERAL REINSURANCE CORPORATION

Authorized Signature

SI-EP-12                        Copyright, General Reinsurance Corporation, 1995

GRC-I1

ENDORSEMENT                           NO.   34

**INSURED**                    Dollar General Corporation

**POLICY NO.**    GDX014356   **EFFECTIVE DATE OF ENDORSEMENT**    February 1, 1999

This policy is changed to provide:

## UNINTENTIONAL ERRORS & OMISSIONS

Except in the case of fraud or intentional concealment or misrepresentation of material fact, failure of the Insured to disclose any known hazard existing at the effective date of this policy shall not prejudice the Insured with respect to the insurance afforded by this policy.

    All other terms or conditions of this policy are not changed.  If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 16th day of February, 1999

GENERAL REINSURANCE CORPORATION

_Ronald P. Ondarko_
_____
Authorized Signature

SI-EF-OE&O
Copyright, General Reinsurance Corporation, 1995

GRC-I1

## ENDORSEMENT                    NO.   35

INSURED                    Dollar General Corporation

POLICY NO.    GDX014356    **EFFECTIVE DATE OF ENDORSEMENT**    February 1, 1999

This policy is changed to provide:

Endosement No. 2 is amended in part to read as follows:

Paragraph A-1 "Notice of Accident" in Part Seven is changed to read:

The Insured shall give prompt notice to the Insurer if a claim or injury occurs which appears to involve a loss equal to 50% or more of the Insured's Retention stated in Item 6 of the Information Page of this policy.

All other terms or conditions of this policy are not changed.  If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 22nd day of March, 1999

GENERAL REINSURANCE CORPORATION

*Ronald P Overholts*

Authorized Signature

GRC-I1

ENDORSEMENT                    NO.    36

INSURED                    Dollar General Corporation

POLICY NO.  GDX014356A        **EFFECTIVE DATE OF ENDORSEMENT**  February 1, 2000

## RENEWAL ENDORSEMENT

This policy is changed to provide:

For the period February 1, 2000 to February 1, 2001, the following Information Page items are amended as shown below:

| | | |
|---|---|---|
| Information Page Item 6 - Insured's Retention | $ | 250,000 |

Information Page Item 7 - Insurer's Limit of Indemnity

| | | |
|---|---|---|
| Item 7a - Workers Compensation | $ | Unlimited |
| Item 7b - Employers Liability | $ | 1,000,000 |
| Item 7c - Workers Compensation & Employers Liability Combined | $ | Not Applicable |

Information Page Item 8

| | | |
|---|---|---|
| Estimated Annual Remuneration | $ | 465,166,582 |
| Rate per $100 of Remuneration | $ | .041384 |
| Estimated Annual Premium | $ | 192,504 |
| Advance Premium | $ | 192,505 |
| Minimum Annual Premium | $ | 192,505 |
| Kentucky Surcharge | $ | 337.72 |
| West Virginia Surcharge | $ | 29.22 |
| Interim Policy Adjustment Period | | Annual |

All other terms or conditions of this policy are not changed.  If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 10th day of February, 2000

GENERAL REINSURANCE CORPORATION

*Ronald P. Onderko*

Authorized Signature

SI-EP-11                    Copyright, General Reinsurance Corporation, 1995

GRC-I1

## ENDORSEMENT                 NO.  37

**INSURED**                 Dollar General Corporation

**POLICY NO.** GDX014356A        **EFFECTIVE DATE OF ENDORSEMENT**  February 1, 2000

### ADVANCE PREMIUM INSTALLMENT ENDORSEMENT

This policy is changed to provide:

Item 8 of the Information Page, Advance Premium for this Policy, will be payable as follows for the period February 1, 2000 to February 1, 2001:

|  | Due Date | Amount Payable |
|---|---|---|
| Premium Payable | February 1, 2000 | $   48,126,25 |
| Surcharge Payable | February 1, 2000 | $      366.94 |
| Premium Payable | May 1, 2000 | $   48,126.25 |
| Premium Payable | August 1, 2000 | $   48,126.25 |
| Premium Payable | November 1, 2000 | $   48,126.25 |

All other terms or conditions of this policy are not changed.  If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 10th day of February, 2000

GENERAL REINSURANCE CORPORATION

*Ronald P. Onderko*

Authorized Signature

Copyright, General Reinsurance Corporation, 1995

@003

GRC-11

ENDORSEMENT      NO. 38

**INSURED**      Dollar General Corporation

**POLICY NO.**    GDX014356      **EFFECTIVE DATE OF ENDORSEMENT**    February 1, 1999

## AUDIT ADDITIONAL PREMIUM ENDORSEMENT

This policy is changed to provide:

For an additional premium of $40,619, an additional Kentucky Surcharge of $13.64 and an additional West Virginia Surcharge of $4.47, the final premium adjustment for the period February 1, 1999 to February 1, 2000 will be as stated below:

| | | |
|---|---|---:|
| Actual Remuneration | $ | 480,686,831 |
| Rate per $100 of Remuneration | $ | .043654 |
| Earned Premium | $ | 209,839 |
| Advance Premium | $ | 169,220 |
| Additional Premium | $ | 40,619 |
| Actual Kentucky Surcharge | $ | 310.48 |
| Advance Kentucky Surcharge | $ | 296.84 |
| Additional Kentucky Surcharge | $ | 13.64 |
| Actual West Virginia Surcharge | $ | 30.15 |
| Advance West Virginia Surcharge | $ | 25.68 |
| Additional West Virginia Surcharge | $ | 4.47 |
| | | |
| Total Additional (Premium & Surcharges) | $ | 40,637.11 |

All other terms or conditions of this policy are not changed. If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 25th day of May, 2000

GENERAL REINSURANCE CORPORATION

*Ronald P. Oaslerka*

Authorized Signature

Copyright General Reinsurance Corporation, 1995

GRC-I1

ENDORSEMENT                    NO. 39

INSURED                    Dollar General Corporation

POLICY NO.   GDX014356A        EFFECTIVE DATE OF ENDORSEMENT   February 1, 2000

## GEORGIA MANDATORY ENDORSEMENT

It is agreed that the policy is changed to add to **PART SEVEN - CONDITIONS** paragraph K. Bankruptcy or Insolvency of Insured the following:

IN THE EVENT OF THE BANKRUPTCY OR INSOLVENCY OF THE NAMED INSURED:

If the Georgia Self-Insurers Guaranty Trust Fund is called upon to expend monies on behalf of the insolvent or bankrupt member insured under this policy in order to pay workers' compensation benefits, medical expenses or other costs pursuant to O.C.G.A. 34-9-1, et seq., we will reimburse the Georgia Self-Insurers Guaranty Trust Fund those amounts according to the terms of the policy. This provision is subject to the policy terms, retention(s) and limit(s). The Georgia Self-Insurers Guaranty Trust Fund will be treated as the insured for purposes of reimbursement pursuant to this endorsement.

All other terms or conditions of this policy are not changed. If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 12th day of July, 2000

GENERAL REINSURANCE CORPORATION

*Ronald P. Onderko*

Authorized Signature

Copyright, General Reinsurance Corporation, 2000

GRC-I1

## ENDORSEMENT NO. 40

**INSURED** Dollar General Corporation

**POLICY NO.** GDX014356B **EFFECTIVE DATE OF ENDORSEMENT** February 1, 2001

## RENEWAL ENDORSEMENT

This policy is changed to provide:

For the period February 1, 2001 to February 1, 2002, the following Information Page items are amended as shown below:

| | | |
|---|---|---|
| Information Page Item 6 - Insured's Retention | $ | 250,000 |

Information Page Item 7 - Insurer's Limit of Indemnity

| | | |
|---|---|---|
| Item 7a - Workers Compensation | $ | Unlimited |
| Item 7b - Employers Liability | $ | 1,000,000 |
| Item 7c - Workers Compensation & Employers Liability Combined | $ | Not Applicable |

Information Page Item 8

| | | |
|---|---|---|
| Estimated Annual Remuneration | $ | 462,439,168 |
| Rate per $100 of Remuneration | $ | .041384 |
| Estimated Annual Premium | $ | 191,376 |
| Advance Premium | $ | 191,376 |
| Minimum Annual Premium | $ | 191,376 |
| Kentucky Surcharge | $ | 160.65 |
| West Virginia Surcharge | $ | 25.86 |

All other terms or conditions of this policy are not changed. If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 2nd day of March, 2001

GENERAL REINSURANCE CORPORATION

*Ronald P. Oaska*

Authorized Signature

Copyright, General Reinsurance Corporation, 1995

GRC-I1

ENDORSEMENT                          NO.  41

**INSURED**                    Dollar General Corporation

**POLICY NO.** GDX014356B          **EFFECTIVE DATE OF ENDORSEMENT**   February 1, 2001

---

## ADVANCE PREMIUM INSTALLMENT ENDORSEMENT

This policy is changed to provide:

Item 8 of the Information Page, Advance Premium for this Policy, will be payable as follows for the period February 1, 2001 to February 1, 2002:

| | Due Date | Amount Payable |
|---|---|---|
| Premium Payable | February 1, 2001 | $  47,844.00 |
| Surcharge Payable | February 1, 2001 | $       186.51 |
| Premium Payable | May 1, 2001 | $  47,844.00 |
| Premium Payable | August 1, 2001 | $  47,844.00 |
| Premium Payable | November 1, 2001 | $  47,844.00 |

All other terms or conditions of this policy are not changed.  If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 2nd day of March, 2001

GENERAL REINSURANCE CORPORATION

_____
Authorized Signature

SI-EP-24          Copyright, General Reinsurance Corporation, 1995

GRC-I1

ENDORSEMENT                    NO.  42

**INSURED**                    Dollar General Corporation

**POLICY NO.**  GDX014356B    **EFFECTIVE DATE OF ENDORSEMENT**  February 1, 2001

This policy is changed to provide:

Item 2., Mailing Address, of the Information Page is amended to read as follows:

100 Mission Ridge
Goodlettsville, Tennessee  37072

All other terms or conditions of this policy are not changed.  If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 2nd day of March, 2001

GENERAL REINSURANCE CORPORATION

_Ronald P. Dasko_

Authorized Signature

SI-EP-12          Copyright, General Reinsurance Corporation, 2001

GRC-I1

**ENDORSEMENT**          **NO.** 43

**INSURED**          Dollar General Corporation

**POLICY NO.** GDX014356B          **EFFECTIVE DATE OF ENDORSEMENT** February 1, 2001

## KANSAS CANCELLATION ENDORSEMENT

It is agreed this Policy is changed.

Condition L. Cancellation is changed to include the following:

If the insurer cancels this Policy after it has been in effect for ninety (90) days, cancellation will be for only one or more of the following reasons:

> The insured failed to pay a premium when due;

> The Insured, its agent, broker or representative gave us materially false information in order to obtain this Policy or in the presentation of a claim;

> An insured in this Policy violated a material term or condition of the Policy;

> Unfavorable underwriting factors, specific to the Insured, that did not exist or were not present at the inception of the Policy; or

> A determination by the Insurance Commissioner that continuation of coverage could place the Insurer in a hazardous financial condition or in violation of the laws of the State of Kansas; or

> The Insurance Commissioner determines that the Insurer no longer has adequate reinsurance to meet its needs.

If the Insurer cancels this Policy it will give its reasons for this action to the Insured at the time it sends its Notice of Cancellation to the Insured.

The following is added to this Policy:

> Premium, terms and conditions are subject to successive annual review and adjustment. The Insurer will give the Insured not less than sixty (60) days advance written notice of its intent to revise premiums, terms or conditions in this Policy, or to continue or not to continue this Policy for an additional year prior to each annual anniversary date of this Policy.

Page 1 of 2          Copyright, General Reinsurance Corporation, 1995

GRC-I1

**ENDORSEMENT**       **NO.** 43

**INSURED**       Dollar General Corporation

**POLICY NO.** GDX014356B       **EFFECTIVE DATE OF ENDORSEMENT**    February 1, 2001

---

Failure to provide this notice at any anniversary date shall cause the Policy to continue as if it had been continued at the same premium, terms and conditions, until such time as the Insurer provides the Insured with written notice that a change will take place not less than sixty days in the future.

All other terms or conditions of this policy are not changed. If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 2nd day of March, 2001

GENERAL REINSURANCE CORPORATION

*Ronald P. Oaske*

Authorized Signature

SI-EP-KS
Copyright, General Reinsurance Corporation, 1995

GRC-I1

ENDORSEMENT        NO. 44

**INSURED**                    Dollar General Corporation

**POLICY NO.** GDX014356A        **EFFECTIVE DATE OF ENDORSEMENT**   May 25, 2000

This policy is changed to provide:

For an additional premium to be determined at audit, Item 5.a. of the Information Page is amended to include the state of Michigan.

All other terms or conditions of this policy are not changed. If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 26th day of April, 2002

GENERAL REINSURANCE CORPORATION

*Courtney L Caldwell*

Authorized Signature

GRC-I2

## ENDORSEMENT

**NO.** 45

**INSURED**                   Dollar General Corporation

**POLICY NO.** GDX014356A          **EFFECTIVE DATE OF ENDORSEMENT**   May 25, 2000

---

## MICHIGAN AMENDATORY ENDORSEMENT

The Information Page, Item 3. Effective Date of Policy is changed to read for Michigan:

> Policy Term: From May 25, 2000 to Continuous.

General Section, B. Continuous Policy is changed to read:

> Continuous Renewal Policy.

General Section, E. Qualified Self-Insurer is replaced by the following:

E.    Qualified

The Insured represents that it is duly qualified self-insurer under the Workers Compensation Law of each state named in Item 5A of the Information Page and will continue to maintain such qualifications during the term this policy is in effect. If the Insured should terminate its qualification, or if such qualification of the Insured is cancelled or revoked while this policy is in force, the policy is to be cancelled in accordance with Condition L. Cancellation. The policy coverage will cease before the cancellation date if the Insured purchases a statutory Workers Compensation policy or finds replacement coverage acceptable to the self-insurance regulator, similar to that contained in this policy and the effective date of the new policy is before the cancellation date of this policy.

Part Six - Premium is changed, in part, to remove, from D. Earned Premium, the following:

The earned premium for each 12-month term of this policy will not be less than the Minimum Annual Premium stated on the Information Page.

EFILED 10/01/19 21:41:48 CASE NO. 19C2331 Richard R. Rooker, Clerk

GRC-I2

**ENDORSEMENT**      **NO.** 45

**INSURED**        Dollar General Corporation

**POLICY NO.** GDX014356A    **EFFECTIVE DATE OF ENDORSEMENT**   May 25, 2000

---

Part Seven - Conditions

    A.    Notice of Accident is replaced in part by the following:

        1.    The Insured shall give written notice, as soon as practicable, to the Insurer or any of its authorized agents, if a claim for an injury or disease occurs that appears to involve indemnity by the Insurer.

        2.    The Insured shall also give written notice, as soon as practicable, to the Insurer if an injury of the following type occurs:

            (a)    a fatality,

            (b)    an amputation of a major extremity,

            (c)    any serious head injury (including skull fracture or loss of sight of either or both eyes),

            (d)    any injury to the spinal cord,

            (e)    any disability where it appears reasonably likely that there will be disability of more than one year, or,

            (f)    any second or third degree burn of 25% or more of the body.

    All other parts of Part Seven - Conditions, A. Notice of Accident remain unchanged.

Copyright, General Reinsurance Corporation, 1995
 Case 3:19-cv-00980     Document 1-2     Filed 11/04/19     Page 73 of 83 PageID #: 208

EFILED 10/01/19 21:41:48 CASE NO. 19C2331 Richard R. Rooker, Clerk

## ENDORSEMENT  NO. 45

**INSURED**          Dollar General Corporation

**POLICY NO.** GDX014356A          **EFFECTIVE DATE OF ENDORSEMENT** May 25, 2000

H.    Inspection is changed, so that the last sentence reads:

The Insurer does not represent that the Insured's workplaces are safe or healthful or that they comply with laws, regulations codes or standards.

All other terms or conditions of this policy are not changed.  If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 26th day of April, 2002

GENERAL REINSURANCE CORPORATION

_Courtney L Calhoun_
Authorized Signature

Copyright, General Reinsurance Corporation, 2008

EFILED 10/01/19 21:41:48 CASE NO. 19C2331 Richard R. Rooker, Clerk

GRC-I1

ENDORSEMENT       NO. 46

**INSURED**       Dollar General Corporation

**POLICY NO.** GDX014356A      **EFFECTIVE DATE OF ENDORSEMENT**   May 25, 2000

---

## MICHIGAN AMENDATORY - CANCELLATION AND NONRENEWAL ENDORSEMENT
### (Specific Excess Coverage Policy)

CANCELLATION

The Insured may cancel this policy at any time by giving written notice to the Insurer or to any of its authorized agents and to the Bureau of Workers Compensation, Department of Labor, Lansing Michigan, not less than 60 days before the cancellation is to be effective.

The Insurer may cancel this policy at any time by sending written notice by courier, registered mail or certified mail to the Insured, and to the Bureau of Workers Compensation, for any reason including non-payment of premium, not less than 60 days before cancellation is to be effective. Mailing or delivery of this notice to the Insured's address last known to the Insurer or its agent is sufficient to prove evidence of receipt by the Insured.

Notices of Cancellation, if not delivered, are to be sent by certified or registered U.S. Postal Service Mail.

If the Insured cancels this policy, earned premium will be determined by the customary short rate table in use by the Insurer. If the Insurer cancels this policy, earned premium will be determined by using the customary pro-rate table.

Return of unearned premium to the Insured is not a condition to cancellation, but unearned premium will be returned promptly following policy cancellation.

NONRENEWAL

If the Insurer decides not to renew this policy, the Insurer will send written notice by courier, registered mail or certified mail to the Insured, and to the Bureau of Workers Compensation, not less than 60 days before the policy expiration date. Mailing or delivery of this notice to the Insured's address last known to the Insurer or its agent is sufficient to prove evidence of receipt by the Insured.

All other terms or conditions of this policy are not changed. If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 26th day of April, 2002

GENERAL REINSURANCE CORPORATION

_(signature)_

---
Authorized Signature

EFILED 10/01/19 21:41:48 CASE NO. 19C2331 Richard R. Rooker, Clerk

GRC-I1

ENDORSEMENT             NO. 47

**INSURED**                 Dollar General Corporation

**POLICY NO.** GDX014356A        **EFFECTIVE DATE OF ENDORSEMENT**   May 25, 2000

## MICHIGAN AMENDATORY - RETENTION AND INDEMNITY PAYMENTS

Paragraphs A. and B. of **PART FOUR – INSURED'S RETENTION AND INSURERS LIMIT OF INDEMNITY** are amended as follows:

A.    Retention by Insured:

    1.    The Insured shall pay for its own account without other insurance, all loss up to the amount stated in Item 6 of the Information Page as Insured's Retention.

    2.    100 % of the following payments shall be applied toward reaching the Insured's Retention:

        (a)    Benefit payments made by the employer as required in the act.
        (b)    Benefit payments, as required in the act, that are due and owing to claimants of the employer.
        (c)    Benefit payments made on behalf of the employer, as required in the act, by a surety under a bond or through the use of other security required by the director.
        (d)    Payments made by the self-insurers' security fund.
        (e)    Usual and customary claims allocated loss adjustment expenses.
        (f)    Payments made, as specified in paragraphs (a), (c), (d) and (e) of the subdivision, that are reimbursable by the specific excess liability policy shall not be considered in reaching the aggregate excess liability retention.

B.    Limit of Indemnity by Insurer:

    1.    The Insurer will indemnify the Insured for loss over the amount stated as Insured's Retention in Item 6 of the Information Page.  The limit of indemnity for Workers Compensation Insurance will not exceed the limit stated in Item 7a of the Information Page.  The limit of indemnity for Employers Liability Insurance will not exceed the limit stated in Item 7b of the Information Page.  The total indemnity for Workers Compensation and Employers Liability Insurance combined will not exceed in any event the limit stated in Item 7c of the Information Page.

GRC-I1

ENDORSEMENT        NO. 47

**INSURED**              Dollar General Corporation

**POLICY NO.** GDX014356A     **EFFECTIVE DATE OF ENDORSEMENT**  May 25, 2000

2.     Subject to the limits of indemnity, the following payments shall be reimbursed 100%:

(a)    Benefit payments made by the employer as required in the act.
(b)    Benefit payments made on behalf of the employer as required in the act by a surety under a bond or through the use of other security required by the bureau.
(c)    Payments made by the self-insurers' security fund.
(d)    Usual and customary claims allocated loss adjustment expenses.

All other terms or conditions of this policy are not changed. If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 26th day of April, 2002

GENERAL REINSURANCE CORPORATION

_Authorized Signature_

GRC-I1

| ENDORSEMENT | NO. 48 |

**INSURED**        Dollar General Corporation

**POLICY NO.** GDX014356A     **EFFECTIVE DATE OF ENDORSEMENT**   May 25, 2000

## MICHIGAN AMENDATORY – OTHER INSURANCE AND BANKRUPTCY

Paragraphs G. and K. of **PART SEVEN – CONDITIONS** are deleted and replaced with the following:

G.    Other Insurance:

If the Insured has other insurance, reinsurance, indemnity, or reimbursement agreement applicable to loss for which the Insured would be indemnified under this policy, the indemnity under this policy will apply by limits. Under this method, each Insurer's share is based on the ratio of its applicable limit of indemnity to the total applicable limits of insurance of all insurers.

This condition does not apply to other insurance, reinsurance, indemnity or reimbursement which the Insured has procured to apply in excess of the sum of the Insured's retention and the Insurer's limit of indemnity under this policy.

K.    Bankruptcy or Insolvency of Insured:

Bankruptcy or insolvency of the Insured will not relieve the Insurer of its duties and liabilities under this policy. After the Insured's retention has been reached, payments due under this policy will be made by the Insurer as if the Insured had not become bankrupt or insolvent, but not in excess of the Insurer's limit of indemnity.

All other terms or conditions of this policy are not changed. If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 26th day of April, 2002

GENERAL REINSURANCE CORPORATION

_Courtney L Caldwn_

Authorized Signature

GRC-I1

## ENDORSEMENT NO. 49

**INSURED** Dollar General Corporation

**POLICY NO.** GDX014356B  **EFFECTIVE DATE OF ENDORSEMENT** February 1, 2001

This policy is changed to provide:

Endorsement No. 40, Renewal, is amended in part as follows:

Information Page Item 8

| | | |
|---|---|---|
| Estimated Annual Remuneration | $ | 466,339,168 |
| Rate per $100 of Remuneration | $ | .041384 |
| Estimated Annual Premium | $ | 192,990 |
| Advance Premium | $ | 192,990 |
| Minimum Annual Premium | $ | 192,990 |
| Kentucky Surcharge | $ | 160.65 |
| West Virginia Surcharge | $ | 25.86 |

All other terms or conditions of this policy are not changed. If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 26th day of April, 2002

GENERAL REINSURANCE CORPORATION

Authorized Signature

Copyright, General Reinsurance Corporation 2000

GRC-I1

## ENDORSEMENT                    NO. 50

**INSURED**                         Dollar General Corporation

**POLICY NO.** GDX014356B    **EFFECTIVE DATE OF ENDORSEMENT**   February 1, 2001

This policy is changed to provide:

Endorsement No. 41, Advance Premium Installment, is cancelled and replaced with the following:

Item 8 of the Information Page, Advance Premium for this Policy, will be payable as follows for the period February 1, 2001 to February 1, 2002

| | | |
|---|---|---|
| Premium Payable | $ | 49,458 |
| Surcharge Payable | $ | 186.51 |
| Premium Payable | $ | 47,844 |
| Premium Payable | $ | 47,844 |
| Premium Payable | $ | 47,844 |

All other terms or conditions of this policy are not changed.  If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 26th day of April, 2002

GENERAL REINSURANCE CORPORATION

_____
Authorized Signature

Copyright, General Reinsurance Corporation, 2001

GRC-I1

ENDORSEMENT　　　　　NO. 51

**INSURED**　　　　　　　Dollar General Corporation

**POLICY NO.** GDX014356B　　**EFFECTIVE DATE OF ENDORSEMENT**　　May 1, 2001

This policy is changed to provide:

Item 1. of the Information Page, Insured, is amended to include the following Named Insured:

Dolgencorp of New York, Inc.

For an additional premium to be determined at audit, Item 5.a. of the Information Page is amended to include the state of New York.

All other terms or conditions of this policy are not changed. If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 26th day of April, 2002

GENERAL REINSURANCE CORPORATION

*Courtney Baldwin*
Authorized Signature

GRC-I1

## ENDORSEMENT                           NO.  52

**INSURED**                     Dollar General Corporation

**POLICY NO.** GDX014356B        **EFFECTIVE DATE OF ENDORSEMENT**     May 1, 2001

## NEW YORK AMENDATORY ENDORSEMENT

It is agreed that this policy is changed to add to Condition L. <u>Cancellation</u> the following:

Notice of cancellation must be given, by the party canceling, to the Chair, Workers Compensation Board, Self-Insurance Office, 20 Park Street – Room 201, Albany, New York  12241.

All other terms or conditions of this policy are not changed.  If this endorsement is issued after the policy effective date, it must be signed by an Officer of the Insurer and countersigned by a Licensed Countersignature Agent of the Insurer in those States which require countersignature.

Signed at Stamford, Connecticut, this 26th day of April, 2002

GENERAL REINSURANCE CORPORATION

_____
Authorized Signature

| Claimant | Date of Loss | SIR | Amount Paid | Reimbursement due as of 9/30/19 | Column1 |
|---|---|---|---|---|---|
| Sheila Lilly | 1/7/2003 | $500,000.00 | $737,559.95 | $237,559.95 | |
| Brenda Walker | 11/21/2001 | $250,000.00 | $541,755.38 | $291,755.38 | |
| Teresa Major | 5/14/2001 | $250,000.00 | $387,961.76 | $137,961.76 | |
| Loretta Shelton | 9/27/2001 | $250,000.00 | $328,074.00 | $78,074.00 | |
| Betty Womack | 8/8/2001 | $250,000.00 | $490,867.50 | $176,827.80 | Partial reimbursement received of $64,039.70 on this claim. |
| Theresa Pytko | 4/24/2000 | $250,000.00 | $1,056,653.43 | $250,000.00 | Partial reimbursement received of $250,000.00 on this claim. |
| Linda Glenn | 10/10/1999 | $250,000.00 | $292,990.65 | $42,990.65 | |
| Kathy Kush | 3/7/2001 | $250,000.00 | $390,769.57 | $140,769.57 | |
| Melody Brown | 9/18/2001 | $250,000.00 | $303,723.69 | $53,723.67 | |
| Myrtle Dorais | 9/11/2002 | $500,000.00 | $790,266.49 | $290,266.49 | |
| Barbara Gibson | 7/28/1999 | $250,000.00 | $387,887.38 | $137,887.38 | |
| Totals: | | | $5,708,509.80 | $1,837,816.65 | |

EX B